IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 7:15-cv-00037-O |
| v. | ) |
| | ) |
| 0.31 ACRES OF LAND, MORE OR LESS, SITUATE IN YOUNG COUNTY TEXAS, JOHN SALAS, et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Before the Court is Plaintiff's motion to determine title. (ECF No. 38). This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 40). The United States, acting as *amicus curiae,* has recommended that the Court find the title owners of the property, as of the date of taking, were John Salas ("Salas") and Gregory and Nancy Nantz ("Nantzs"). Testimony was presented by the United States at a hearing on June 21, 2016. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain action brought pursuant to 40 U.S.C. §§ 3113 and 3114 to acquire 0.31 acres of unoccupied and unimproved land in Graham, Texas.

3. The Stewart Commitment for Title Insurance ("Commitment"), Exhibit 1 to the Memorandum in Support of the Motion to Determine Title (ECF No. 39-1), states that the property is owned by Salas.

4. The United States Corps of Engineers ("Corps") attempted to negotiate a purchase of the property from Salas. It was subsequently determined that the Nantzs, former owners of the property, may have retained an unrecorded interest.

5. An agreement was reached to purchase the property from Salas for $20,400.00  A second agreement was reached to purchase the Nantzs' share in the property for $4,050.00. The total price was $24,450.00.

6. Schedule C of the Commitment showed a number of potential liens. Further investigation found other potential title issues. The Corps therefore determined to condemn the property in order to clear title.

7. The United States deposited $24,450.00 as estimated just compensation.

8. The United States served Salas, the Nantzs, and all the potential lienholders it identified.

9. Service of process is complete.

10. The United States and the following Defendant landowners have signed stipulations of just compensation which have been filed with the Court (ECF 38-1):

    a. John Salas - To receive $20,400.00, together with any apportioned interest accrued thereon while in the Registry of the Court.

    b. Gregory and Nancy Nantz – To receive $4,050.00, together with any apportioned interest accrued thereon while in the Registry of the Court.

Based upon the foregoing findings of fact, the Court concludes:

1. The owners of the taken property, on the date of taking, was Salas and the Nantzs.

2. Title to the subject property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos. 1 and 3) filed herein shall be the sum of $24,450 inclusive of interest, that amount previously having been deposited by the United States as estimated just compensation.

Recommendation

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the previously deposited sum of $24,450.00 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. By said judgment the Court should order the Clerk of the Court to draw checks and make the following distributions:

1. John Salas - $20,400.00, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to John Salas, and mail said check to John Salas, 915 Virginia St., Graham, TX 76450.

2. Gregory and Nancy Nantz - $4,050.00, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Gregory and Nancy Nantz, 225 Springwood Circle, Chandler, TX 75758.

It is **SO ORDERED** on this 22nd day of June, 2016.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

**Standard Instruction to Litigants**

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).